Teresa C. Chow (SBN 237694)
Dyanne J. Cho (SBN 306190)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:       tchow@bakerlaw.com
             dcho@bakerlaw.com

*Attorneys for Defendant*
THERAPYMATCH, INC. d/b/a HEADWAY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.G., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-04422<br><br>[Alameda Superior Court Case No. 23CV037579]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed:   07/06/2023<br>Complaint Served:   07/27/2023 |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Therapymatch, Inc. d/b/a Headway ("Defendant"), by and through its undersigned counsel, hereby provides notice of removal of the above-captioned action from the Superior Court of California, County of Alameda, to the United States District for the Northern District of California. In support of this Notice of Removal to Federal Court ("Notice of Removal"), Defendant states as follows:

## JURISDICTION

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified, in part, at 28 U.S.C. § 1332(d).

**VENUE**

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Northern District of California embraces Alameda County. 28 U.S.C. § 84(a); N.D. Cal. L.R. 3-2(d). Thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**THE ACTION AND TIMELINESS OF REMOVAL**

3. On July 6, 2023, Plaintiff M.G. ("Plaintiff") filed a putative class action complaint ("Complaint") against Defendant and Doe defendants 1 – 100 in the Superior Court of California, County of Alameda, Unlimited Civil, captioned *M.G. v. Therapymatch, Inc., d/b/a Headway*, et al., Case No. 23CV037579 (the "State Court Action").

4. Plaintiff's Complaint asserts causes of action for (1) violation of the Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code §§ 56.06, 56.101, 56.10), (2) aiding and abetting violation of the CMIA (Cal. Civ. Code § 56.36), (3) violation of the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code §§ 1789.100(e) and 1798.81.5(b)), (4) aiding and abetting unlawful interception under the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 631), (5) unlawful recording of and eavesdropping upon confidential communications under CIPA (Cal. Penal Code § 632), and (6) violation of Art. I, § 1 of the California Constitution, against Defendant in connection with its alleged unauthorized disclosure of Plaintiff's and putative class members' personal health information ("PHI") and/or personal identifying information ("PII") to third parties, which was discovered on or around May 2023. (Ex. 1 ("Compl."), ¶¶ 6, 7, 17, 23-60.)

5. Plaintiff purports to bring the State Court Action on behalf of himself and a putative class of allegedly similarly situated individuals.

6. On July 27, 2023, Plaintiff served Defendant with a copy of the Summons and Complaint in the State Court Action.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date Defendant was served with a copy of the Summons and Complaint in the State Court Action.

8. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been served on or by Defendant in the State Court Action are attached hereto as **Exhibit 1**.

## CAFA JURISDICTION

9. This Court has original jurisdiction of this action under CAFA. 28 U.S.C. § 1332(d)(2) and (5) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.[1] *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("CAFA's provisions should be read broadly.") (citation and quotations omitted).

10. As set forth below, pursuant to 28 U.S.C. §§ 1332(d) and 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a class action and involves more than one hundred (100) putative class members; (ii) Plaintiff is a citizen of a state different from each of the states of which Defendant is a citizen; and (iii) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### *Putative Class Size Is Sufficient*

11. Plaintiff seeks to represent a putative class of "[a]ll California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, visited and used the Headway website and whose health information and/or other personal data was intercepted by,

---

[1] By removing the State Court Action to this Court pursuant to 28 U.S.C. § 1332(d), Defendant does not waive any rights or defenses, including, but not limited to, any argument that this matter is improper for class certification and may be compelled to arbitration under any applicable arbitration provision.

or disclosed to, Google through Google's tracking technology embedded in the Headway website" (the "Putative Class"). (Compl. ¶ 61.)

12. Plaintiff claims there are "at least 75 individuals" who are members of the Putative Class. (Compl. ¶ 65.)

13. Based on Defendant's records and data, the Putative Class size is at least 15,000 individuals, which is the approximate number of individuals with California addresses who booked an appointment[2] with a California provider using Defendant's website (*i.e.* who "visited and used the Headway website") in the period starting September 2022 to present.[3]

14. Accordingly, the Putative Class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

### *Minimal Diversity of Citizenship Exists*

15. <u>Plaintiff M.G's Citizenship</u>. As alleged in the Complaint, Plaintiff M.G. is "a citizen and resident of California." (Compl. ¶ 8.) Defendant is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

16. <u>Putative Class Members' Citizenship</u>. Plaintiff's proposed class definition does not state the citizenship of any Putative Class members, but instead defines them, in pertinent part, as "[a]ll California residents." (Compl. ¶ 61.) For purposes of this Notice of Removal, the citizenship of Putative Class members is immaterial because, as set forth in Paragraphs 15, 17, 18, and 19 herein, minimal diversity under CAFA is satisfied by virtue of Plaintiff's and Defendant's diverse citizenship.

---

[2] These individuals were also physically located in California at the time of their appointments.
[3] By alleging the foregoing Putative Class size, Defendant does not concede any of Plaintiff's material allegations against it (including any allegations regarding class certification), or the validity of any of the claims purportedly asserted against it.

4

17.     Defendant's Citizenship. Defendant is a corporation and a citizen of the States of Delaware and New York. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State . . . where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18.     At the time the State Court Action was commenced, Defendant was, and as of the date of the filing of this Notice of Removal, still is, a corporation formed in and incorporated under the laws of the State of Delaware. Pursuant to the *Hertz* nerve center test, Defendant's corporate activities are predominantly directed, controlled, and coordinated from its corporate headquarters in the State of New York.

19.     Minimal Diversity Exists. Defendant satisfies the minimal diversity of citizenship required by CAFA because Plaintiff is a citizen of the State of California, whereas Defendant is a citizen of the States of Delaware and New York. *See* 28 U.S.C. § 1332(d)(2)(A). The Putative Class members' citizenship, as well as the citizenship of the Doe defendants, is immaterial for purposes of establishing minimal diversity since Plaintiff is diverse from Defendant. *See id.*

### ***Amount in Controversy Is Met***

20.     Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2); *see also Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

21.     On behalf of himself and the Putative Class, Plaintiff seeks statutory and compensatory damages, and reasonable attorneys' fees and costs. (*See* Compl. at pp. 32-33 (Prayer for Relief).)

22. Without conceding that Plaintiff or the Putative Class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000, exclusive of interest and costs.[4]

23. <u>CMIA Claim</u>. In his first cause of action, Plaintiff alleges Defendant violated the CMIA by (1) "failing to maintain the confidentiality of users' private and personal medical information;" (2) "failing to maintain, preserve, and store medical information in a manner that preserves the confidentiality of the information;" and (3) disclosing "medical information to undisclosed third-party Google (and possibly others) without first obtaining" authorization to do so. (Compl. ¶¶ 81-83.) Plaintiff further alleges that because of Defendant's purported conduct, Plaintiff and the Putative Class members are entitled, in part, to statutory damages under California Civil Code § 56.36(b) for each alleged violation. (*Id.* ¶ 84.)

24. California Civil Code § 56.36(b)(1) provides for statutory damages of $1,000 for each violation.

25. Accordingly, multiplying $1,000 by three alleged violations of the CMIA for at least 15,000 Putative Class members ($1,000*3*15,000 = $45,000,000) exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

26. <u>CCPA Claim</u>. In his third cause of action, Plaintiff alleges Defendant violated the CCPA by failing to (1) "identify Google as a recipient of users' personal and sensitive medical information;" (2) "acknowledge its use of Google Analytics or other website tracking tools;" (3) "disclose to its website users that it redirects, shares, and discloses website users' protected mental health information and IP address with Google;" (4) state that Defendant will disclose "private medical information and confidential communications . . . for the additional purposes of improving Google algorithms and data points and creating new advertising and analytics technologies, services, and business opportunities;" and (5) "implement and maintain reasonable security procedures and practices to safeguard such sensitive information." (Compl. ¶¶ 104-106.)

---

[4] This Notice of Removal does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiff or any members of Plaintiff's Putative Class. The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice of Removal.


27. The Complaint does not allege Defendant has failed to cure alleged violations of the CCPA (*see generally* Compl.) and, although Plaintiff alleges "[a]ssuming Defendant does not cure the alleged, breach, Plaintiff will promptly amend this complaint . . . to seek up to $750 in statutory damages per consumer per incident as provided for by § 1798.150(a)(1)(A)" (*id.* ¶ 107), Plaintiff has yet to file an amended pleading. However, because the operative Complaint seeks "statutory damages of $750 per violation under California Civil Code § 1798.150(a)(1)(A)" (*id*. at p. 32 (Prayer for Relief ¶ h)), Plaintiff's CCPA cause of action should be included in analyzing the amount in controversy.

28. California Civil Code § 1798.150(a)(1)(A) provides for statutory damages of $750 for each violation.

29. Accordingly, multiplying $750 by five alleged violations of CCPA for least 15,000 Putative Class members ($750*5*15,000 = $56,250,000) exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

30. <u>CIPA I Claim</u>. In his fourth cause of action, Plaintiff alleges Defendant violated CIPA by "allowing Google, without Plaintiff's and Headway Website Class members' consent, to intercept and access the Headway website users' private information and confidential communications," thereby aiding and abetting Google's unlawful interception of the information. (Compl. ¶¶ 117-119.) Plaintiff further alleges that because of Defendant's purported conduct, Plaintiff and the Putative Class members are entitled, in part, to statutory damages under California Penal Code § 637.2. (*Id.* ¶ 120.)

31. California Penal Code § 637.2 provides for the greater of statutory damages of $5,000 per violation, or three times the amount of actual damages sustained.

32. Accordingly, multiplying $5,000 by violations alleged by at least 15,000 Putative Class members ($5,000*15,000 = $75,000,000) exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

33. <u>CIPA II Claim</u>. In his fifth cause of action, Plaintiff alleges Defendant violated CIPA by "contemporaneously redirecting and transmitting Plaintiff's and Class members' confidential communications through Google Analytics website tracking technology," which

permitted Google "to eavesdrop upon and/or record Headway website users' confidential communications through an electronic amplifying or recording device." (Compl. ¶ 128.) Plaintiff further alleges that because of Defendant's purported conduct, Plaintiff and the Putative Class members are entitled, in part, to statutory damages under California Penal Code § 637.2. (*Id.*, ¶ 131.)

34.     Accordingly, multiplying $5,000 by at least 15,000 Putative Class members ($5,000*15,000 = $75,000,000) exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

35.     <u>Remaining Claims</u>.  The amount in controversy exceeds the $5,000,000 CAFA threshold without considering Plaintiff's second cause of action for aiding and abetting violation of the CMIA, and sixth cause of action for violation of California Constitution Art. 1, § 1.  Even though Defendant has not assigned any particular damages amount to these causes of action, assignment of any sum only further increases the amount in controversy beyond $5,000,000. Should there be any doubt as to whether Defendant has demonstrated that the amount in controversy under the CMIA, CCPA, and CIPA claims examined above exceeds $5,000,000, however, Plaintiff's other causes of action should be included in analyzing the amount in controversy.

36.     <u>Attorneys' Fees</u>.  When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff has sought attorneys' fees for purportedly enforcing an important right affecting the public interest, based on California Code of Civil Procedure § 1021.5.  (Compl. at p. 33 (Prayer for Relief ¶ l).)  Because Defendant has established that the $5,000,000 CAFA threshold is met considering only four of Plaintiff's causes of action, it does not assign in this Notice of Removal any amount to Plaintiff's request for attorneys' fees.  Should there be any doubt as to whether Defendant has demonstrated that the amount in controversy under the CMIA and CIPA claims examined above exceeds $5,000,000, however, Plaintiff's request for attorneys' fees should be included in analyzing the amount in controversy.

## DISCLOSURE STATEMENTS

37.     Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of California Civil Local Rule 3-15, a Disclosure Statement, which will include a Disclosure of Conflicts and Interested Entities or Persons, is being filed concurrently with this Notice of Removal.

## NOTICE

38.     As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Alameda.

WHEREFORE, Defendant hereby removes this civil action to this Court on the bases identified above.

Respectfully submitted,

Dated: August 25, 2023         **BAKER & HOSTETLER LLP**

By:     */s/ Teresa C. Chow*
           Teresa C. Chow

*Attorneys for Defendant*
THERAPYMATCH, INC. d/b/a HEADWAY

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On August 25, 2023, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 25, 2023, at Torrance, California.



Nancy L. Brazil

**SERVICE LIST**

| | |
|---|---|
| Eric A. Grover<br>Rachael G. Jung<br>**KELLER GROVER LLP**<br>1965 Market Street<br>San Francisco, CA 94103<br>Telephone:   415.543.1305<br>Facscimile:   415.543.7861<br>Emails:   eagrover@kellergrover.com<br>   rjung@kellergrover.com | *Attorneys for Plaintiff*<br>M.G., individually and on behalf of all others similarly situated |

Scot Bernstein
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone:   916.447.0100
Facscimile:   916.933.5533
Emails:   swampadero@sbernsteinlaw.com

Don Bivens
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:   602.708.1450
Emails:   don@donbivens.com

CERTIFICATE OF SERVICE
CASE NO.: 3:23-CV-04422