# Exhibit 1

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

DON BIVENS (*pro hac vice forthcoming*)
don@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona 85254
Telephone: (602) 708-1450

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**07/06/2023 at 10:47:40 AM**
By: Damekia Oliver,
Deputy Clerk

*Attorneys for Plaintiff*
M.G., an Individual

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| M.G., individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No: 23CV037579<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

CLASS ACTION COMPLAINT

**CLASS ACTION COMPLAINT**

Plaintiff M.G. ("Plaintiff"), on behalf of himself and a class of similarly situated individuals as defined below, and based on personal knowledge, where applicable, information and belief, and the investigation by counsel, alleges the following against Defendant Therapymatch, Inc. d/b/a Headway ("Defendant" or "Headway").[1]

## INTRODUCTION

1.     This class action lawsuit arises out of Headway's policy and practice of (1) disclosing and sharing with third parties, without users' knowledge or consent, private and personal information, including sensitive medical information, that Headway's website has collected while users navigate Headway's online platform and (2) aiding and abetting Google's (and possibly other third party interceptors') unauthorized intercepting, recording, collection and use of California residents' highly personal and confidential data and communications.

2.     Headway is a private company that markets itself as a software-enabled network of therapists. The Headway online platform claims to provide user-friendly access to a wide range of mental health providers at a lower cost based on insurance coverage. Headway further claims that, by covering administrative tasks like scheduling, credentialing, revenue-cycle management, and billing, the platform helps providers increase the size of their practices.

3.     Plaintiff and Class members who visited the Headway website expected that their personal and sensitive medical information – including without limitation their search parameters detailing their medical concerns and conditions, their gender and ethnic preferences regarding providers, the kind of treatment they sought, and the dates and locations of their medical appointments – would remain private and confidential. Plaintiff and Class members had a reasonable expectation that their interactions and communications through Headway's website would not be shared with any third parties, let alone *undisclosed* third parties.

---

[1]  M.G. files his claims under a pseudonym to protect against further disclosure of the private and potentially stigmatizing nature of the illness for which he sought treatment through the Headway online platform. Revealing M.G.'s true identity would substantially cause the exact harm that M.G. is seeking to remedy through the filing of this suit, i.e., the disclosure of his personal and sensitive health information.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

4.     Unbeknownst to individuals using the Headway platform, Google Analytics code is embedded into the Headway website.  Through that embedded tracking technology, while Plaintiff and Class members were and are interacting with the Headway website, Google, in real time, is able to and does intercept, eavesdrop upon, and collect Headway website users' sensitive information, including their protected mental health information.  All of this happens without the knowledge of the individual, and certainly without any choice or consent.

5.     Stated another way, as Plaintiff and Class Members are using their various electronic devices to enter their personally identifiable and sensitive mental health information, Google simultaneously is intercepting their private data in real time while it is in transit by using the embedded Google Analytics code.[2]  Moreover, because Headway failed to turn on the IP (internet protocol) anonymization feature on its website, Google was and is able to identify, from the intercepted data, individual Headway website users' IP addresses and to access and obtain their other personally identifiable information.

6.     Plaintiff is informed and believes and on that ground alleges that Google uses the information shared by Headway not only to provide analytics services but also to maintain and improve Google's own services, develop new analytics and marketing services, and measure the effectiveness of advertising on Google's and its partners' sites and applications.

7.     Headway's unauthorized disclosure of Plaintiff's and Class members' personal identifying information and private and sensitive health information, all without adequate notification to Plaintiff and Class members regarding that data sharing, is an invasion of Plaintiff's and Class members' privacy.  It also violates various laws, including the California Confidentiality of Medical Information Act, Cal. Civil Code §§ 56, *et seq.* ("CMIA"); the California Consumer Privacy Act, Cal. Civil Code §§ 1798.100, *et seq.* ("CCPA"); the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.* ("CIPA"); and the right to privacy under the Article 1, § 1, of the California Constitution, which includes privacy as one of six fundamental

---

[2] Plaintiff used his cellular telephone to enter his personally identifiable and sensitive mental health information.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  rights of all Californians.

2                          **PARTIES**

3  **A.    Plaintiff M.G.**

4      8.      Plaintiff M.G. is a natural person and a citizen and resident of California.

5      9.      In and around May 2023, Plaintiff began using the Headway online platform to

6  search for a mental health professional and to schedule an appointment with a provider of his

7  choice.

8      10.     While navigating the Headway website on his cellular telephone, Plaintiff

9  provided personal information including his name, address, cellular phone number, health

10 insurance provider, group identification number, and employer.  When prompted by the site to

11 enter his mental health concerns and search parameters, Plaintiff specified that he was looking for

12 therapy related to two specific mental health conditions.[3]

13     11.     Google was able to intercept Plaintiff's private communications with Headway

14 and did so.  Google intercepted and obtained sensitive information regarding Plaintiff's mental

15 health conditions, the treatment he was seeking, his provider preferences, and his appointment

16 details.  Google was able to carry out that interception as Plaintiff and Class members were

17 transmitting their personally identifiable and sensitive mental health information to Headway

18 through Google Analytics tracking technology embedded in the Headway website.

19     12.     When Plaintiff chose to seek help from Headway, he did not consent to Google's

20 interception of his personal, confidential, and protected mental health information.  Further, he

21 was unaware of and had no opportunity to opt out of Google's interception.

22     13.     Upon information and belief, Plaintiff alleges that Google used Plaintiff's

23 information not only to provide analytics services to Headway, but also (1) to improve its own

24 software, algorithms, and other technology and business activities and (2) to provide marketing

25 services and offerings, such as creating customer profiles, custom audiences, and targeted

26

27 _____

28 [3]  So as not to suffer a further disclosure of personal identifying medical information, Plaintiff is
not disclosing his mental health conditions in this public filing.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    advertisements.

2        **B.**   **Defendant Therapymatch, Inc. d/b/a Headway**

3        14.   Defendant Therapymatch, Inc. (d/b/a Headway) is a corporation organized under

4    the laws of the State of Delaware with its principal place of business in New York.

5        15.   Founded in 2019, Headway touts itself as an online platform that makes it easier

6    for healthcare practitioners to accept insurance. Headway claims that its platform enables

7    prospective patient-clients to search their geographic location for mental health professionals

8    based on the patient-clients' specific concerns and preferences.

9        16.   Headway's business operations span California and 14 other states. Headway

10   systematically and continuously does business in California and with California residents and

11   California mental healthcare providers.

12       17.   Headway's website and Privacy Policy fail to put visitors on notice of Headway's

13   use of Google Analytics tracking technology, Headway's disclosure of personally identifying and

14   sensitive medical information, and Headway's decision to allow Google (and possibly other third-

15   parties) to intercept, in real time, the transmission and dissemination of Plaintiff's and other Class

16   members' personal and private information, including protected mental health information and

17   other health information.

18       **C.**   **Doe Defendants**

19       18.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as

20   DOES 1 through 100, inclusive, and therefore sues those defendants by those fictitious names.

21   Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

22   Plaintiff is informed and believes and on that ground alleges that each of the fictitiously-named

23   defendants is responsible in some manner for the occurrences alleged in this Complaint and that

24   Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

25       19.   Plaintiff is informed and believes and on that ground alleges that, at all relevant

26   times, each named Defendant and the Doe Defendants were the principals, agents, partners, joint

27   venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent

28   corporations, successors in interest, and/or predecessors in interest of some or all of the other

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

CLASS ACTION COMPLAINT       5       CASE NO.

1    Defendants, were engaged with some or all of the other Defendants in a joint enterprise for profit,

2    and bore such other relationships to some or all of the other Defendants as to be liable for their

3    conduct with respect to the matters alleged below. Plaintiff is informed and believes and on that

4    ground alleges that each Defendant acted pursuant to and within the scope of the relationships

5    alleged above and that each knew or should have known about, and that each authorized, ratified,

6    adopted, approved, controlled, aided and abetted the conduct of all Defendants.

**JURISDICTION AND VENUE**

8        20.     This Court has subject matter jurisdiction over this action under the California

9    Confidentiality of Medical Information Act, Cal. Civil Code §§ 56, *et seq.*, the California

10   Consumer Privacy Act, Cal. Civil Code §§ 1798.100, *et seq.*, the California Invasion of Privacy

11   Act, Cal. Penal Code §§ 631 and 632, and the California Constitution.

12       21.     This Court has personal jurisdiction over the parties because Defendant has

13   sufficient minimum contacts with this State in that it operates and markets its services throughout

14   the State, including working with patient-clients and mental health care providers in California.

15   Further, a substantial part of the events and conduct giving rise to Plaintiff's claims occurred in

16   the State of California, including Plaintiff's accessing the Headway website, Google's

17   intercepting and collecting of Plaintiff's and Class members' private and sensitive data from

18   Defendant's website, and Google's use of that data for commercial purposes. Plaintiff's rights

19   were violated in the State of California and those violations arose out of his contact with

20   Defendant from and within California.

21       22.     Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5

22   and case law interpreting those sections provide that if a foreign business entity fails to designate

23   with the office of the California Secretary of State a principal place of business in California, it is

24   subject to being sued in any county that a plaintiff desires. On information and belief, Defendant

25   Therapymatch, Inc. is a foreign business entity and had failed to designate a principal place of

26   business in California with the office of the Secretary of State as of the date this Complaint was

27   filed.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**FACTUAL ALLEGATIONS COMMON TO THE CLASS**

**A.    Google's Website Tracking Technology**

23.    Google dominates online search.  One of Google's most lucrative lines of business is its advertising and analytics services.  Google provides a number of tracking tools, including Google Analytics, which are used to collect data from websites and mobile applications into which the tools are embedded and integrated.

24.    In 2005, Google launched the initial version of Google Analytics, which served as a tool for website traffic analysis.  In the years that followed, Google introduced various other technologies with improved tracking functionality.  Examples include Google Analytics Synchronous code and Google Analytics Asynchronous code, which allowed webpages to track commerce transactions with improved data collection and accuracy.  Google continues to update its analytics platform with the launch of additional tracking technologies, including Universal Analytics and Google Analytics 4, both of which provide more in-depth information about users' behavior.

25.    Google markets Google Analytics as a platform that offers "a complete understanding of your customers across devices and platforms" to "uncover new insights and anticipate future customer actions with Google's machine learning to get more value out of your data."[4]  Google Analytics collects data from a website or application to create reports that provide insights into a business.

26.    In order to get that benefit, a website like Headway's must add or embed a small piece of JavaScript measurement code into each page of the site.  The code intercepts a user's interaction in real-time as the user navigates the page, including intercepting any information that the user may input and what links the user clicked.  The measurement code also collects information from the browser, such as the language setting, the type of browser and the device and operating system on which the browser is running.  It even can collect and record the "traffic

---

[4] *Analytics*, Google Marketing Platform, https://marketingplatform.google.com/about/analytics/ (last visited June 23, 2023).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

source," which is what brought the user to the site in the first place.[5]

27.     All of this information, including personally identifying information, is sent simultaneously, while in transit, to Google for processing. Once Google Analytics processes the data, it aggregates and organizes the data based on particular criteria. The criteria can be customized by applying filters.

28.     After the data has been processed and stored in the Google database, Google uses the data to generate reports to help analyze the data collected. This includes reports on acquisition (e.g., information about where the traffic originated and the methods by which users arrived at a site), engagement (what web pages and app screens a user visited), and demographics (a user's age, location, language, gender, and interests expressed when browsing online and engaging in purchase activities).

29.     In addition to using the data collected to provide its services, Google also uses the information shared by sites like Headway's to maintain and improve Google's own services, develop new services, measure the effectiveness of advertising, and personalize content and ads that one sees on Google's and its partners' sites and applications.

**B.     Headway's Use of Google Analytics on its Website**

30.     According to the National Alliance on Mental Health and the Centers for Disease Control, one in five adults in the United States is affected by mental illness each year. Equivalent to more than 50 million Americans, fifty-five percent (55%) of those affected adults receive no treatment, with many reporting that they did not receive care because they could not afford it.

31.     Headway claims that it addresses this cost issue by offering an online search engine for individuals to find mental health professionals based on the individuals' specific concerns and preferences along with the patient-clients' insurance information. Headway claims to work with thousands of mental health professionals, including psychiatrists, psychologists,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[5] *How Google Analytics Works*, Google Analytics Help, https://support.google.com/analytics/answer/12159447?hl=en&ref_topic=12156336,12153943,2986333,&sjid=478430351580570002-NA&visit_id=638186454308763581-3109655727&rd=1 (last visited June 23, 2023). The "traffic source" could be, *e.g.*, a search engine, an advertisement that the visitor clicked, or an email marketing campaign.

1  therapists, counselors, social workers, and psychiatric nurse practitioners. Headway claims that

2  it helps lower the cost of care by building a diverse network of therapists, all of whom accept

3  insurance.

32.  The Headway website allows searches of Headway's clinician database based on

5  specified preferences. It also offers the convenience of online booking, with real-time availability

6  information. Headway allows a prospective patient-client to choose between in-person and

7  virtual appointments. Providers can be searched for and selected based on preferences regarding

8  language, race, ethnicity, gender, LGBTQA+ issues, geography, and more. As of late 2022, the

9  company's in-network therapist pool had 20,000 providers with more than 300,000 appointments

10  scheduled through the Headway platform every month.

33.  As users navigate the Headway website and platform, Google Analytics, in real-

12  time, surreptitiously is collecting their sensitive information, including patient-clients' private

13  personal and medical information, without the users' knowledge or consent. That information

14  includes but is not limited to (1) the patient's specific concern giving rise to the need for therapy;

15  (2) the type of care the patient is requesting; (3) information concerning the patient's gender and

16  ethnicity preferences regarding the therapist; (4) the address where the patient is seeking therapy

17  sessions; and (5) information regarding the booked therapy session, including the name of the

18  therapist.

34.  For example, the Headway website, in real time, automatically captures and

20  transmits to Google the following search parameters entered by a hypothetical user, all without

21  that user's knowledge and consent: the user searched for an "Asian" therapist who specializes in

22  "anxiety and eating disorders," who provides "medication management," and is a provider for

23  "children," located near a specific address in "San Francisco, California."

35.  As another example, Headway's website also captures and transmits to Google in

25  real-time the following search parameters entered by a second hypothetical user without that

26  user's knowledge or consent: the user searched for a "transgender or non-binary" therapist who

27  specializes in "bipolar disorder, infertility, PTSD, and addiction," provides "talk therapy," and is

28  located in California.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

36.     Once an individual chooses a mental health provider from the list of search results and books an appointment with that mental health provider, details regarding the therapist, the type of session (virtual or in-person) and the date of the appointment also are sent to Google.

37.     Further, while Google Analytics offers website owners, like Headway, an opt-in IP anonymization feature, *Headway does not enable this anonymization feature on its website.* By using the Google Analytics tool without the anonymized IP feature enabled, Headway is disclosing to and sharing with Google its users' IP addresses. IP addresses are personally identifiable information.

38.     Headway also is disclosing private and personal information regarding its users' specific mental health conditions and concerns, all without the users' knowledge and certainly without any choice or consent.

39.     In its Privacy Policy linked at the bottom of its web page, Headway falsely asserts that it will share personal information only "with insurance companies or clearinghouses for claims purposes, with other health care providers for treatment or care coordination purposes, or with business partners" to assist Headway in offering its services.[6]

40.     But Headway does not disclose that sensitive and personally-identifying medical information is being shared with Google to improve Google's own analytics services, software, algorithms and other technology.  Upon information and belief, the information intercepted by Google, while in transit, also was and is used by Google's advertising offerings to create targeted advertisements and customer profiles, all to enhance Google advertising features.

41.     The Headway Privacy Policy also states that *it* (*i.e.,* Headway) will gather and store certain information, which "may include internet protocol (IP) addresses, browser type, internet service provider (ISP), referring/exit pages, operating system, date/time stamp, and/or clickstream data."

42.     Headway further discloses that *it* (*i.e.,* Headway) will monitor a user's movement around its website.  But Headway goes far beyond simply "storing" or "monitoring" that tracking

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[6]. *Privacy Policy*, Headway, https://headway.co/legal/privacy (last visited June 23, 2023).

1    information: Headway simultaneously transmits and discloses personal and protected mental

2    health information to Google. Nowhere on its website does Headway disclose that it is using

3    Google Analytics. Nowhere does Headway identify Google, or any other third-party interceptor,

4    as a recipient of users' private communications and confidential mental health information.

5         **C.    Plaintiff And Class Members Did Not Consent To Headway's Disclosure Of Their Private Information And Confidential Communications; They Have A Reasonable Expectation Of Privacy In Their User Data.**

6

7         43.    Headway does not ask its website visitors, including Plaintiff, whether they

8    consent to having the contents of their private communications containing personal and sensitive

9    mental-health information disclosed to and used by third parties like Google. Further, Google's

10   analytics software is incorporated seamlessly – and, to users, invisibly – in the background. That

11   seamless incorporation gave and gives Plaintiff and Class members no way of knowing that

12   Google was and is intercepting their protected health information. The intercepted information

13   included and includes their medical conditions and concerns, their search parameters, and their

14   preferences regarding a mental health professional and treatment.

15        44.    Although Headway's Privacy Policy mentions the use of cookies, that minimal

16   mention does not put Headway website users on notice of Headway's use of invasive tracking

17   technology like Google Analytics.

18        45.    Unlike first-party cookies, Google Analytics (1) simultaneously communicates

19   information to an external server as a user navigates a website; (2) tracks users across devices,

20   meaning that a user's actions on multiple devices all will be included in the information stored

21   regarding that user; (3) is not easily disabled by users; and/or (4) creates a record of all of the

22   information that users provide to and/or receive from the website. Plaintiff and Class members

23   could not consent to Google's conduct when they were unaware that their confidential

24   communications would be intercepted, stored, and used by Google or any other undisclosed third

25   party.

26        46.    Plaintiff and Class members had and have a reasonable expectation of privacy in

27   their confidential communications, including *and especially* information related to their medical

28   concerns and conditions, their gender and ethnic preferences regarding providers, the type of

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    treatment they are seeking, and the dates and locations of their medical appointments.  All of that

2    is private, sensitive mental health information.

3        47.    Privacy studies, such as those by *Pew Research Center*, show that a majority of

4    Americans are concerned about how data is collected about them.[7]  Those privacy polls also

5    reflect that Americans consider one of the most important privacy rights to be the need for an

6    individual's affirmative consent before a company collects and shares data regarding that

7    customer or other individual.

8        48.    Indeed, according to *Consumer Reports*, more than 90% of Americans believe that

9    more should be done to ensure that companies protect consumers' privacy.  Further, 64% of

10    Americans believe that companies should be prohibited from sharing data with third parties, while

11    63% of Americans want a federal law requiring companies to get a consumer's permission before

12    sharing the consumers' information.  To that end, 60% of Americans believe that companies

13    should be required to be more transparent about their privacy policies so that consumers can make

14    more informed choices.[8]

15        49.    Users act in a manner that is consistent with those preferences.  For example, when

16    users were asked during a rollout of new iPhone operating software for clear, affirmative consent

17    before allowing companies to track them, 94% of U.S. users chose ***not*** to share their data.

18        50.    The privacy expectation is even greater when personal and sensitive medical

19    information is at stake.  Patient healthcare data in the United States is protected by federal law

20    under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §

21    1320d-6, and its implementing regulations, which are promulgated by the Department of Health

22    and Human Services ("HHS").

23

24

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

25    [7]  Brooke Auxier et al., *Americans and Privacy: Concerned, Confused and Feeling Lack of Control Over Their Personal Information*, Pew Research Center (Nov. 15, 2019),
26    https://www.pewresearch.org/internet/2019/11/15/americans-and-privacy-concerned-confused-and-feeling-lack-of-control-over-their-personal-information/
27    [8]  Benjamin Moskowitz et al., *Privacy Front & Center: Meeting the Commercial Opportunity to Support Consumer Rights*, Consumer Reports in collaboration with Omidyar Network (Fall
28    2020), https://thedigitalstandard.org/downloads/CR_PrivacyFrontAndCenter_102020_vf.pdf

51.     In December 2022, HHS issued a bulletin to "highlight the obligations" of health care providers under the HIPAA Privacy Rule "when using online tracking technologies," such as those used by Headway, which "collect and analyze information about how internet users are interacting with a regulated entity's website or application."[9] HHS affirmed that health care providers violate HIPAA when they use tracking technologies that disclose an individual's identifying information even if no treatment information is included *and even if the individual does not have a relationship with the health care provider*:

How do the HIPAA Rules apply to regulated entities' use of tracking technologies?

Regulated entities disclose a variety of information to tracking technology vendors through tracking technologies placed on a regulated entity's website or mobile app, including individually identifiable health information (IIHI) that the individual provides when they use regulated entities' websites or mobile apps. This information might include an individual's medical record number, home or email address, or dates of appointments, as well as an individual's IP address or geographic location, medical device IDs, or any unique identifying code. All such IIHI collected on a regulated entity's website or mobile app generally is PHI, even if the individual does not have an existing relationship with the regulated entity and even if the IIHI, such as IP address or geographic location, does not include specific treatment or billing information like dates and types of health care services. This is because, when a regulated entity collects the individual's IIHI through its website or mobile app, the information connects the individual to the regulated entity (i.e., it is indicative that the individual has received or will receive health care services or benefits from the covered entity), and thus relates to the individual's past, present, or future health or health care or payment for care.

52.     The HHS bulletin further stated that HIPAA applies to health care providers' webpages with tracking technologies even on webpages or sites that do not require users to log in:

Tracking on unauthenticated webpages

Regulated entities may also have unauthenticated webpages, which are webpages that do not require users to log in before they are able to access the webpage, such as a webpage with general information about the regulated entity like their location, services they provide, or their policies and procedures. Tracking technologies on regulated entities' unauthenticated webpages generally do not have access to individuals' PHI; in this case, a regulated entity's use of such tracking technologies is not regulated by the HIPAA Rules. However, in some cases, tracking technologies on unauthenticated webpages may have access to PHI, in which case the HIPAA Rules

---

[9] *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, U.S. Department of Health and Human Services (Dec. 1, 2022), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

apply to the regulated entities' use of tracking technologies and disclosures to the tracking technology vendors. Examples of unauthenticated webpages where the HIPAA Rules apply include:

• The login page of a regulated entity's patient portal (which may be the website's homepage or a separate, dedicated login page), or a user registration webpage where an individual creates a login for the patient portal, generally are unauthenticated because the individual did not provide credentials to be able to navigate to those webpages. However, if the individual enters credential information on that login webpage or enters registration information (e.g., name, email address) on that registration page, such information is PHI. Therefore, if tracking technologies on a regulated entity's patient portal login page or registration page collect an individual's login information or registration information, that information is PHI and is protected by the HIPAA Rules.

• Tracking technologies on a regulated entity's unauthenticated webpage that addresses specific symptoms or health conditions, such as pregnancy or miscarriage, or that permits individuals to search for doctors or schedule appointments without entering credentials may have access to PHI in certain circumstances. For example, tracking technologies could collect an individual's email address and/or IP address when the individual visits a regulated entity's webpage to search for available appointments with a health care provider. In this example, the regulated entity is disclosing PHI to the tracking technology vendor, and thus the HIPAA Rules apply.

53.    Due to the highly personal and sensitive nature of the information that is input onto and shared on the Headway website, Plaintiff and Class members who used the Headway online platform reasonably believed and believe that their interactions and private communications with Headway were and are confidential and would not be recorded, transmitted to third parties, or monitored for later use. Headway's unauthorized disclosure of highly personal information and Google's surreptitious interception, storage, and use of Plaintiff's and Class members' private medical information violate Plaintiff's and Class members' privacy interests and rights.

**D. Plaintiff's And Class Member's Personal and Private Information, Including Sensitive Medical Information, Has Economic Value, and Its Unauthorized Disclosure and Interception Have Caused Economic Harm.**

54.    It is well known that there is an economic market for a consumer's personal data, with personal medical information being one of the most valuable categories of data.

55.    In a 2014 article by the Federal Trade Commission, the agency detailed the value of user data, particularly health information, and found that data brokers sell data in sensitive

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

categories for a premium.[10]   The FTC subsequently brought a lawsuit against one of the data brokers for selling location data regarding people who visit abortion clinics for approximately $160 for a week's worth of data.

56.    More recently, in 2021, a report from *Invisibly* noted that "because health care records often feature a more complete collection of the patient's identity, background, and personal identifying information (PII), health care records have proven to be of particular value to criminals."[11]   The article further explained that "while a single social security number might go for $0.53, a complete health care record sells for $250 on average."   Health care data breaches increased by 55% in 2020.

57.    Another recent study asked more than a thousand consumers from around the world what price they would demand of third parties for access to their data.   The study found that passwords would fetch $75.80; health information and medical records average $59.80; and Social Security numbers were valued at $55.70.[12]

58.    Due to the difficulty in obtaining health information, illegal markets also exist for such personal and sensitive information.  NPR reported that health data can be "more expensive than stolen credit card numbers."[13]

59.    Further, individuals can sell or monetize their own data if they choose to do so.  A host of companies and applications such as Nielsen Data, Killi, DataCoup, and AppOptix offer consumers money in exchange for their personal data.

60.    Plaintiff's and Class members' private and personal information, including their

---

[10] *Data Brokers, A Call For Transparency And Accountability*, Federal Trade Commission, (May 2014), https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf

[11] *How Much is Your Data Worth?  The Complete Breakdown for 2021*, Invisible, (July 13, 2021), https://www.invisibly.com/learn-blog/how-much-is-data-worth/.

[12] Jonathan Weicher, *Healthcare hacks—how much is your personal information worth?*, Netlib Security, https://netlibsecurity.com/articles/healthcare-hacks-how-much-is-your-personal-information-worth/ (last visited June 29, 2023).

[13] Aarti Shahani, *The Black Market For Stolen Health Care Data*, NPR (Feb. 13, 2015, 4:55 am), https://www.npr.org/sections/alltechconsidered/2015/02/13/385901377/the-black-market-forstolen-health-care-data (last visited June 29, 2023).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

protected medical information, have a recognized monetary value. Headway's unauthorized disclosure and Google's interception of that sensitive medical information have deprived Plaintiff and Class members of the economic value of their personal property without proper consideration.

**CLASS ACTION ALLEGATIONS**

61.    Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of himself and a class (the "Headway Website Class" or "the Class") defined as follows:

All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, visited and used the Headway website and whose health information and/or other personal data was intercepted by, or disclosed to, Google through Google's tracking technology embedded in the Headway website.

62.    Excluded from the Headway Website Class are employees of Defendant and its parents, subsidiaries, and corporate affiliates. Plaintiff reserves the right to amend or modify the class definition and/or to add sub-classes or limitations to particular issues, where appropriate, based upon subsequently discovered information.

63.    This action may properly be maintained as a class action under section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation, common questions of law and fact predominate over individual issues, and the proposed Class is ascertainable.

**Numerosity**

64.    The Headway Website Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Google's records to determine the size of the Class and to determine the identities of individual Class members.

65.    Based on information and belief, the Headway Website Class consists of at least 75 individuals. The Class is so numerous that joinder of all members is impracticable.

**Typicality**

66.    Plaintiff's claims are typical of the claims of all of the other members of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  Headway Website Class, as Plaintiff now suffers and has suffered from the same violations of the

2  law as other putative Class members.  Plaintiff's claims and the Class members' claims are based

3  on the same legal theories and arise from the same unlawful conduct, resulting in the same injury

4  to Plaintiff and all of the other Class members.

5  **Adequacy**

6          67.     Plaintiff will fairly and adequately represent and protect the interests of the other

7  members of the Class.  Plaintiff has retained competent counsel with substantial experience in

8  prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to

9  prosecuting this action vigorously on behalf of the Headway Website Class members and have

10  the financial resources to do so.  Neither Plaintiff nor his counsel have any interests that are

11  adverse to those of the other Headway Website Class members.

12  **Commonality and Predominance**

13          68.     By its unlawful actions, Defendant has violated Plaintiff's and the Class members'

14  privacy rights under the CMIA, the CCPA, the CIPA, and the California Constitution.   The

15  questions raised are, therefore, of common or general interest to the Class members, who have a

16  well-defined community of interest in the questions of law and fact presented in this Complaint.

17          69.     This action involves common questions of law and fact that predominate over any

18  questions affecting only individual Class members.  Those common questions of law and fact

19  include, without limitation, the following:

20          (a)     Whether Defendant has or had a policy or practice of disclosing and sharing

21                  personal and private information collected on the Headway website, including

22                  without limitation protected mental health information, with Google and/or other

23                  third parties;

24          (b)     Whether Defendant has or had a policy or practice of not disclosing to Headway

25                  website users that it would share personal and private information, including

26                  protected mental health information, with Google and/or other third parties;

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

(c)    Whether Defendant has or had a policy or practice of not obtaining Headway website users' consent to share personal and private information, including protected mental health information, with Google and/or other third parties;

(d)    Whether Defendant has or had a policy or practice of allowing the simultaneous transmission of Headway website users' private information and confidential communications, without users' knowledge or consent, to Google and/or other third parties;

(e)    Whether Defendant, through the website tracking technology embedded on its website, has or had a policy or practice of permitting or enabling third parties to intercept, collect, record, and use confidential communications and information, including protected mental health information, submitted and shared by or otherwise obtained from Headway website users;

(f)    Whether Defendant's acts and practices violate or violated California's Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.*;

(g)    Whether Defendant's acts and practices violate or violated the California Consumer Privacy Act, Cal. Civil Code § 1798.100, *et seq.*;

(h)    Whether Defendant's acts and practices violate or violated the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*;

(i)    Whether Defendant's acts and practices violate or violated the California Constitution or individual rights arising under the California Constitution; and

(j)    Whether Plaintiff and Class members are entitled to actual, statutory, and/or other forms of damages and other monetary relief.

**Superiority**

70.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all of the members of the Class is impracticable and because questions of law and fact common to the Headway Website Class predominate over any questions affecting only individual members of the Class. Even if every individual member of the Class could afford individual litigation, the court system

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties, and protect the rights of each member of the Headway Website Class. Further, it will prevent the very real harm that would be suffered by numerous members of the putative Class who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage as their punishment for obeying the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

71.     The prosecution of separate actions by individual members of the Headway Website Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to those adjudications or that would substantially impair or impede the ability of those non-party members of the Class to protect their interests.

72.     The prosecution of individual actions by members of the Headway Website Class would run the risk of establishing inconsistent standards of conduct for Defendant.

### FIRST CAUSE OF ACTION
**Violation of CMIA**
**(California Civil Code §§ 56.06, 56.101, 56.10)**

73.     Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

74.     The CMIA defines "medical information" to mean "any individually identifiable information, in electronic or physical form," that is related to a person's "medical history, mental health application information, mental or physical condition, or treatment." Medical information is "individually identifiable" if it includes or contains "any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

CLASS ACTION COMPLAINT                    19                    CASE NO.

1  alone or in combination with other publicly available information, reveals the identity of the

2  individual." Cal. Civ. Code § 56.05(i).

3      75.    Section 56.05 also defines "mental health application information" to mean any

4  "information related to a consumer's inferred or diagnosed mental health or substance use

5  disorder" that is collected by a mental health digital service. Cal. Civ. Code § 56.05(j).

6      76.    A "mental health digital service" refers to a "mobile-based application or internet

7  website that collects mental health application information from a consumer, markets itself as

8  facilitating mental health services to a consumer, and uses the information to facilitate mental

9  health services to a consumer." Cal. Civ. Code § 56.05(k). Headway's website and online

10 platform, which offer (1) a search-engine tool to find a mental healthcare provider based on

11 specific concerns and preferences input by the user and (2) online booking for a provider of

12 choice, are a mental health digital service.

13     77.    The information that is submitted and shared by Headway website users and

14 collected, maintained, and disclosed by Headway, including but not limited to Headway website

15 users' personal contact information, mental health conditions and concerns, and mental health

16 provider and treatment preferences, is medical information because it is identifiable information

17 relating to a patient's medical condition and plan of treatment.

18     78.    The CMIA also defines and identifies categories of businesses that are deemed to

19 be providers of health care and subject to the same standards of confidentiality with respect to

20 medical information disclosure that are required of a provider of health care. For example,

21 California Civil Code § 56.06(b) states that any "business that offers software or hardware to

22 consumers, including a mobile application or other related device that is designed to maintain

23 medical information in order to make the information available to an individual or health care

24 provider..., or for the diagnosis, treatment, or management of a medical condition of the

25 individual, shall be deemed to be a provider of health care subject to the requirements of this

26 part."

27     79.    California Civil Code § 56.06(d) further provides that "any business that offers a

28 mental health digital service to a consumer for the purposes of allowing the individual to manage

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the individual's information, or for the diagnosis, treatment, or management of a medical condition of the individual, shall be deemed to be a provider of health care subject to the requirements of this part."

80.     As a provider of software and/or a mental health digital service that facilitates the diagnosis, treatment, and management of a medical condition, Headway is deemed to be a provider of health care and is subject to the standards of confidentiality with respect to medical information disclosure that are required by the CMIA.

81.     As alleged in detail above, through the use of Google Analytics website tracking technology embedded on Headway's website, Headway knowingly shared Plaintiff's and Class members' medical information with and disclosed that information to third party Google (and possibly others) without Plaintiff's and Class members' knowledge or consent.  In so doing, Headway violated Cal. Civ. Code § 56.06(e) by failing to maintain the confidentiality of users' private and personal medical information.

82.     Headway also violated Cal. Civ. Code § 56.101(a) by failing to maintain, preserve, and store medical information in a manner that preserves the confidentiality of the information. Instead, Headway allowed third-party Google (and possibly others) to intercept and otherwise access Plaintiff's and Class members' private medical information, which Google used for its own purposes including improving and creating new marketing and analytics services for itself.

83.     California Civil Code § 56.10(a) further provides that a provider of health care "shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization." Headway violated this section of the CMIA when it disclosed Plaintiff's and Class members' medical information to undisclosed third-party Google (and possibly others) without first obtaining Plaintiff's and the Class members' authorization to do so.  Nowhere on its website does Headway identify Google as a recipient of users' highly personal and sensitive data, including protected mental health information, nor does Headway ask for user consent to share or disclose information to Google.

84.     Defendant's conduct, as described above, violated California Civil Code §§ 56.06,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    56.101, and 56.10.  Under Civil Code §§ 56.36(b) and (c), Defendant is liable to Plaintiff and the

2    Headway Website Class members for statutory damages of $1,000 per violation, even in the

3    absence of proof of actual damages, the amount deemed proper by the California Legislature.

**SECOND CAUSE OF ACTION**
**Aiding and Abetting Violation of the CMIA**
**(California Civil Code §§ 56.36)**

6    85.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and

7    further alleges as follows.

8    86.    California Civil Code § 56.36(B)(3)(A) prohibits any person or entity other than a

9    licensed healthcare professional from knowingly or willfully obtaining medical information for

10   financial gain.

11   87.    California Civil Code § 56.36(B)(5) also prohibits any person or entity who is not

12   permitted to receive medical information under the CMIA from knowingly and willfully

13   obtaining, disclosing, or using medical information without written authorization.

14   88.    Google is an entity that is not a licensed health care professional and is not

15   permitted to receive medical information under the CMIA.  Through its website tracking

16   technology embedded in the Headway website, Google knowingly and willfully received and

17   obtained medical information submitted by Headway website users without their authorization or

18   written consent and, upon information and belief, for Google's own financial gain in violation of

19   California Civil Code § 56.36(B)(3)(A) and (B)(5).

20   89.    By allowing Google (and possibly others) to intercept and obtain Plaintiff's and

21   Headway Website Class Members' personal data and private communications, including

22   protected medical information, Headway acted intentionally, or, alternatively, with knowledge

23   that Google's misappropriation of Plaintiff's and Class members' medical information was and

24   would be a violation of the CMIA.

25   90.    Headway provided substantial assistance and encouragement to Google, including

26   but not limited to embedding Google Analytics code on its website and allowing Google to have

27   direct access to Headway website users' private medical information.  By so doing, Headway

28   provided the means to accomplish Google's unauthorized receipt, retention and use of Plaintiff's

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

and Headway Website Class members' private medical information.

91.    Headway's agreement with Google to use Google Analytics website tracking technology and Headway's unauthorized disclosure to Google of protected medical information collected by the Headway website are substantial factors in causing Google's CMIA violations that are alleged in this Complaint.

92.    Defendant's conduct as described above violated California Civil Code § 56.36. As a result, Headway aided and abetted Google's CMIA violations and therefore is liable for the relief sought by Plaintiff and the Headway Website Class.

### THIRD CAUSE OF ACTION
### Violation of CCPA
### (California Civil Code § 1798.100(e) and 1798.81.5(b))

93.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

94.    In 2018, California consumers voted into law the California Consumer Privacy Act of 2018 ("CCPA"). The CCPA gives California consumers the right to learn what information a business has collected about them, to delete their personal information, to stop businesses from selling their personal information, including using it to target them with ads that follow them as they browse from one website to another, and to hold businesses accountable if they do not take reasonable steps to safeguard protected information.

95.    In further protecting consumers' rights, including the constitutional right to privacy, the CCPA states that one purpose and intent of the act is to allow consumers "to control the use of their personal information, including limiting the use of their sensitive personal information, the unauthorized use or disclosure of which creates a heightened risk of harm to the consumer," and to provide consumers with "meaningful options" over how information is collected, used, and disclosed.

96.    To that end, businesses are required to inform consumers specifically and clearly about how those businesses collect and use personal information and how consumers can exercise their rights and choices. The CCPA further provides that businesses should collect consumers' personal information only for specific, explicit, and legitimate disclosed purposes and should not

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   further collect, use, or disclose consumers' personal information for reasons incompatible with

2   those purposes.

3       97.    These guiding principles are codified in California Civil Code §§ 1798.100, *et seq.*

4   Subsection (a)(1) of § 1798.100 provides that "a business shall not collect additional categories

5   of personal information or use personal information collected for additional purposes that are

6   incompatible with the disclosed purpose for which the personal information was collected without

7   providing the consumer with notice."  Subsection (a)(2) requires the same for sensitive personal

8   information.

9       98.    California Civil Code § 1798.100(c) further provides that "a business' collection,

10   use, retention, and sharing of a consumer's personal information shall be reasonably necessary

11   and proportionate to achieve the purpose for which the personal information was collected or

12   processed, or for another disclosed purpose that is compatible with the context in which the

13   information was collected, and not further processed in a manner that is incompatible with those

14   principles."

15       99.    To achieve the CCPA's objectives and safeguard consumers' information,

16   subsection (e) of § 1798.100 requires a business that collects consumer personal information to

17   "implement reasonable security procedures and practices appropriate to the nature of the personal

18   information to protect the personal information from unauthorized or illegal access, destruction,

19   use, modification, or disclosure in accordance with Section 1798.81.5."

20       100.    Similarly, California Civil Code § 1798.81.5(b) provides that a "business that

21   owns, licenses, or maintains personal information about a California resident shall implement and

22   maintain reasonable security procedures and practices appropriate to the nature of the

23   information, to protect the personal information from unauthorized access, destruction, use,

24   modification, or disclosure."

25       101.    The CCPA defines "personal information" as an individual's "first name or first

26   initial and the individual's last name in combination with any one or more of the following data

27   elements, when either the name or the data elements are not encrypted or redacted": (i) social

28   security number; (ii) unique identification numbers used to verify an individual's identity, such.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel: 415.543.1305 | Fax 415.543.7861

CLASS ACTION COMPLAINT            24            CASE NO.

1  as driver's license or passport number; (iii) account number or credit or debit card number along

2  with access information; (iv) medical information; (v) health insurance information; (vi) unique

3  biometric data; and (vii) genetic data.  California Civil Code § 1798.81.5(d)(1)(A).

4      102.   Subsection (d)(2) of § 1798.81.5 further defines "medical information" as "any

5  individually identifiable information, in electronic or physical form, regarding the individual's

6  medical history or medical treatment or diagnosis by a health care professional."

7      103.   The section also defines "health insurance information," like that provided by

8  Plaintiff, as "an individual's insurance policy number or subscriber identification number, any

9  unique identifier used by a health insurer to identify the individual, or any information in an

10  individual's application and claims history, including any appeals records."  California Civil Code

11  § 1798.81.5(d)(3).

12      104.   As alleged in detail above, Headway's Privacy Policy does not identify Google as

13  a recipient of users' personal and sensitive medical information, nor does Headway acknowledge

14  its use of Google Analytics or other website tracking tools.  Headway also fails to disclose to its

15  website users that it redirects, shares, and discloses website users' protected mental health

16  information and IP address with Google.

17      105.   Indeed, Headway's only disclosure of information sharing states that it will share

18  collected information *only* "with insurance companies or clearinghouses for claims purposes, with

19  other health care providers for treatment or care coordination purposes, or with business partners"

20  to assist Headway in offering its services.  Nowhere does the Headway website or Privacy Policy

21  state that Headway will disclose private medical information and confidential communications to

22  Google and for the additional purposes of improving Google algorithms and data points and

23  creating new advertising and analytics technologies, services, and business opportunities.  This

24  goes well beyond the disclosed purposes of facilitating mental health services and is a clear breach

25  of Headway's duties required under Civil Code § 1798.100.

26      106.   Further, Headway's disclosure to and unauthorized access by Google of Plaintiff's

27  and Class members' personal information, including medical information and health insurance

28  information, are violations of Headway's duty to implement and maintain reasonable security

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  procedures and practices to safeguard such sensitive information and constitute violations of

2  sections 1798.100(e) and 1798.81.5(b) of the CCPA.

3      107.    By no later than July 14, 2023, Plaintiff's counsel will have sent a notice letter to

4  Defendant's registered service agent via FedEx Priority.  Assuming Defendant does not cure the

5  alleged breach, Plaintiff will promptly amend this complaint, on behalf of himself and the

6  Headway Website Class, to seek up to $750 in statutory damages per consumer per incident as

7  provided for by § 1798.150(a)(1)(A).

8                                    **FOURTH CAUSE OF ACTION**
                                **Aiding and Abetting Unlawful Interception**
9                              **(Violation of California Penal Code § 631)**

10     109.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and

11  further alleges as follows.

12     110.    The California Legislature enacted the California Invasion of Privacy Act, Cal.

13  Penal Code §§ 630, *et seq.* ("CIPA"), to address "advances in science and technology [that] have

14  led to the development of new devices and techniques for the purpose of eavesdropping upon

15  private communications and that the invasion of privacy resulting from the continual and

16  increasing use of such devices and techniques has created a serious threat to the free exercise of

17  personal liberties and cannot be tolerated in a free and civilized society." *Id.* § 630. CIPA is

18  intended "to protect the right of privacy of the people of this state." *Id.*

19     111.    To establish liability under section 631(a), Plaintiff need only establish that

20  Defendant, "by means of any machine, instrument, or contrivance, or in any other manner," did

21  or does any of the following:

22       [i] [I]ntentionally taps, or makes any unauthorized connection, whether physically,
         electrically, acoustically, inductively or otherwise, with any telegraph or telephone
23       wire, line, cable, or instrument, including the wire, line, cable, or instrument of any
         internal telephonic communication system,
24

25       Or

26       [ii] [W]illfully and without the consent of all parties to the communication, or in any
         unauthorized manner, reads or attempts to read or learn the contents or meaning of any
27       message, report, or communication while the same is in transit or passing over any
         wire, line or cable or is being sent from or received at any place within this state,
28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

1    Or

2    [iii] [U]ses, or attempts to use, in any manner, or for any purpose, or to communicate
     in any way, any information so obtained,
3
     Or
4
     [iv] [A]ids, agrees with, employs, or conspires with any person or persons to
5    unlawfully do, or permit, or cause to be done any of the acts or things mentioned above
     in this section.
6

7    112.    Under § 631, a defendant must show that it had all parties' consent.

8    113.    Headway and Google are each a "person" for the purposes of CIPA.

9    114.    Headway systematically and routinely does business in California with California

10   residents and California mental health providers.  Google maintains its principal place of business

11   in California, where it designed, contrived, agreed to, conspired to achieve, effectuated, and/or

12   received the interception and use of the contents of Plaintiff's and Headway Website Class

13   members' private and sensitive communications containing protected mental health information.

14   Additionally, Google intercepted Plaintiff's and Class members' data and confidential

15   communications in California, where Plaintiff, Class members and Google all are located.

16   115.    Google Analytics website tracking technology, Plaintiff's and Class members'

17   web browsers, and Plaintiff's and Class members' computing and mobile devices are a "machine,

18   instrument, or contrivance…or other manner."

19   116.    At all relevant times, Headway used Google Analytics website tracking

20   technology embedded on its website and allowed Google to tap intentionally and/or make

21   unauthorized connections with the lines of internet communications between Headway, on the

22   one hand, and Plaintiff and Class Members, on the other, all without Headway website users'

23   knowledge or consent.

24   117.    By using Google Analytics and allowing Google, without Plaintiff's and Headway

25   Website Class members' consent, to intercept and access the Headway website users' private

26   information and confidential communications, Headway permitted Google contemporaneously to

27   read or attempt to read, and/or to learn the contents or meaning of, Plaintiff's and Class members'

28   sensitive communications with Headway while the communications were in transit or passing

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  over any wire, line or cable, or were being received at any place within California.

2      118.    Google used, or attempted to use, the private communications and information it

3  received through Google Analytics, including to improve Google's own advertising and analytics

4  services and to create new technologies and offerings.

5      119.    The interception of Plaintiff's and Headway Website Class members' personal and

6  private communications was not authorized or consented to by Plaintiff or Class members.

7  Accordingly, the interception by Google was unlawful and Headway aided and abetted Google's

8  unlawful conduct.

9      120.    Defendant's conduct as described above violated California Penal Code § 631(a).

10  Under Penal Code § 637.2, Plaintiff and Headway Website Class members therefore are entitled

11  to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the

12  amount deemed proper by the California Legislature.

13                          **FIFTH CAUSE OF ACTION**
**Unlawful Recording of and Eavesdropping Upon Confidential Communications**
14                  **(Violation of California Penal Code § 632)**

15      121.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and

16  further alleges as follows.

17      122.    California Penal Code § 632 prohibits using "an electronic amplifying or recording

18  device to eavesdrop upon or record [a] confidential communication". . . "intentionally and without

19  the consent of all parties to a confidential communication."

20      123.    Google's tracking technology embedded into the Headway website is an electronic

21  amplifying or recording device for purposes of § 632. The Google Analytics code records a user's

22  interaction in real-time as the user navigates the page, including recording any information that

23  the user may input and the links that the user clicked. The measurement code also collects and

24  records information from the browser, such as the language setting, the type of browser and the

25  device and operating system on which the browser is running.

26      124.    Section 632 defines a "confidential communication" to include "any

27  communication carried on in circumstances as may reasonably indicate that any party to the

28  communication desires it to be confined to the parties thereto."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

125. Plaintiff and Headway Website Class members' personal and private communications with Headway, including their submission of sensitive medical information such as their mental health conditions and concerns, provider and treatment preferences, and dates and locations of medical appointments, were confidential communications for purposes of § 632.

126. Because Defendant did not disclose to Plaintiff or to the Headway Website Class members that their private communications containing protected medical information were being recorded and/or eavesdropped upon by Google, Defendant did not obtain, and could not have obtained, Plaintiff's or the Class members' express or implied advance consent to Google's recording or monitoring of those communications. As a result, Plaintiff and the Headway Website Class members had an objectively reasonable expectation that their confidential communications were not being recorded and/or eavesdropped upon by Google. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording and/or eavesdropping upon people's private communications and the ease with which a disclosure could have been put in place.

127. Plaintiff and Headway Website Class members expected that their personal and private communications with Headway would not be intercepted and secretly recorded and/or eavesdropped upon.

128. By contemporaneously redirecting and transmitting Plaintiff's and Class members' confidential communications through Google Analytics website tracking technology, Headway permitted Google to eavesdrop upon and/or record Headway website users' confidential communications through an electronic amplifying or recording device. By so doing, Headway violated § 632.

129. At no time did Plaintiff or Class members consent to Headway's and Google's unlawful conduct. Nor could Plaintiff or Class members reasonably expect that their confidential communications with Headway would be overheard or recorded by Google, especially in the absence of any disclosure in Headway's Privacy Policy.

130. Upon information and belief, Google utilized Plaintiff's and Class members' sensitive personal information, including their protected mental health information, for Google's

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel: 415.543.1305 | Fax 415.543.7861

1    own purposes, including improving Google's advertising and analytics services offerings and

2    revenue.

3        131.    Defendant's conduct as described above violated California Penal Code § 632.

4    Under Penal Code § 637.2, Plaintiff and the Headway Website Class members therefore are

5    entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual

6    damages, the amount deemed proper by the California Legislature.

### SIXTH CAUSE OF ACTION
**Invasion of Privacy**
**(Violation of Art. 1, § 1, California Constitution)**

9        132.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and

10    further alleges as follows.

11        133.    "Privacy" is listed in Article I, Section 1, of the California Constitution as a

12    fundamental right of all Californians.  That section of the Constitution provides: "All people are

13    by nature free and independent and have inalienable rights.  Among those are enjoying and

14    defending life, liberty, acquiring, possessing, and protecting property, and pursuing and obtaining

15    safety, happiness, and privacy."

16        134.    The right to privacy in California's Constitution creates a right of action against

17    private entities such as Headway.  To state a claim for invasion of privacy under the California

18    Constitution, a plaintiff must establish: (1) a legally protected privacy interest; (2) a reasonable

19    expectation of privacy; and (3) an intrusion so serious in nature, scope, and actual or potential

20    impact as to constitute an egregious breach of the social norms.

21        135.    Plaintiff and Class members have a legally protected privacy interest in their

22    private and confidential communications with Headway, including information submitted and

23    shared through their use of the Headway website.  This information, including but not limited to

24    Plaintiff's and Class members' identities, other personal identifying information, patient status,

25    health conditions and concerns, and medical treatment and appointments, are inherently personal

26    and sensitive in nature, and are protected by the right to privacy and confidentiality under the

27    CMIA, HIPAA, CCPA, and CIPA.

28        136.    Plaintiff and Class members had a reasonable expectation of privacy under the

---

circumstances, including that: (i) the private communications disclosed by Headway and intercepted by Google include personal and sensitive information related to Plaintiff's and Class members' identities and mental health conditions and treatment; and (ii) Plaintiff and Class members did not consent to Headway disclosing or otherwise authorize Headway to disclose their private and confidential health information to Google or other third party interceptors, nor did they authorize Google to intercept, store, or use that private information for Google's own benefit and monetary gain.

137.    Headway's conduct constituted a serious invasion of privacy that would be highly offensive to a reasonable person in that: (i) the information disclosed by Headway and intercepted and collected by Google was highly sensitive and personal information protected by the California Constitution and numerous California statutes including the CMIA and the CCPA; (ii) Headway did not have authorization or consent to disclose that personal identifying and protected mental health information to any third party interceptor, including Google, and Google did not have authorization to collect that highly sensitive information; and (iii) the invasion deprived Plaintiff and Class members of the ability to control the dissemination and circulation of that information, which is considered a fundamental right to privacy. Defendant's conduct constitutes a severe and egregious breach of social norms.

138.    As a direct and proximate result of Defendant's actions, Plaintiff and Class members have had their privacy invaded and have sustained damages and will continue to suffer damages.

139.    Plaintiff and Class members seek appropriate relief for that injury, including but not limited to damages that will compensate Plaintiff and Class members reasonably for the harm to their privacy interests as well as a disgorgement of profits earned as a result of the intrusions upon Plaintiff's and Class members' privacy.

140.    Plaintiff also seeks such other relief as the Court may deem just and proper.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for the following relief:

a.  An order certifying the Headway Website Class, appointing Plaintiff M.G. as the representative of the Headway Website Class, and appointing counsel for Plaintiff as counsel for the Headway Website Class;

b.  An order declaring that Defendant's actions, as described above, violate California Civil Code §§ 56, *et seq.*;

c.  An order declaring that Defendant's actions, as described above, violate California Civil Code §§ 1798.100, *et seq.*;

d.  An order declaring that Defendant's actions, as described above, violate California Penal Code § 631;

e.  An order declaring that Defendant's actions, as described above, violate California Penal Code § 632;

f.  An order declaring that Defendant's actions, as described above, violate Art. 1, § 1 of the California Constitution;

g.  A judgment for and award of statutory damages of $1,000 per violation under California Civil Code §§ 56.36(b) and (c) to Plaintiff and the members of the Headway Website Class;

h.  A judgment for and award of statutory damages of $750 per violation under California Civil Code § 1798.150(a)(1)(A) to Plaintiff and the members of the Headway Website Class;

i.  A judgment for and award of statutory damages of $5,000 per violation under California Penal Code § 637.2 to Plaintiff and the members of the Headway Website Class;

j.  A judgment for and award of compensatory damages to Plaintiff and the members of the Headway Website Class;

k.  Payment of costs of the suit;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

M.G., individually and on behalf of a class of similarly situated individuals,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/06/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Oliver _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse

CASE NUMBER:
*(Número del Caso):* 23CV037579

Alameda County Superior Court
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, Esq. KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

DATE: 07/06/2023        Chad Finke, Executive Officer / Clerk of the Court    Clerk, by _____ D. Oliver _____, Deputy
*(Fecha)*                                                                      *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* THERAPYMATCH, INC. d/b/a HEADWAY

under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [✓] by personal delivery on (date): 7/07/2023

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Date Served: 1/27/2023
Time Served: 2:35
Server: SB    0923455

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, Esq. (SBN 136080), Rachael G. Jung, Esq.(SBN 239323) Keller Grover LLP, 1965 Market Street, San Francisco, California 94103 <br> TELEPHONE NO.: (415) 543-1305   FAX NO. *(Optional):* (415) 543-7861 <br> E-MAIL ADDRESS: eagrover@kellergrover.com, rjung@kellergrover.com <br> ATTORNEY FOR *(Name):* M.G. | **ELECTRONICALLY FILED** <br> Superior Court of California <br> County of Alameda <br> 07/11/2023 <br> Chad Finke, Executive Officer / Clerk of the Court <br> By: ___ A. Linhares ___ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
M.G. v. Therapymatch, Inc., d/b/a Headway

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **23CV037579** |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [x] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2.  This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
    b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4.  Number of causes of action *(specify):* 6
5.  This case [x] is [ ] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 6, 2023
Eric A. Grover, Esq.
_____ (TYPE OR PRINT NAME)   ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: M.G. v. TherapyMatch, Inc. d/b/a Headway | Case Number: 23CV037579 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)     [ ] Hayward Hall of Justice (447)
                                                                   [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [X] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/06/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Demetta O.L._ Deputy<br>D. Oliver |
| PLAINTIFF:<br>M. G. | |
| DEFENDANT:<br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 10 | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV037579 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 11/03/2023    Time: 8:30 AM    Dept.: 21 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>07/06/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Demetu Oh_ Deputy<br>D. Oliver |
| PLAINTIFF/PETITIONER:<br>M. G. | |
| DEFENDANT/RESPONDENT:<br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100,<br>inclusive, | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV037579 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Eric Grover
Keller Grover LLP
1965 Market Street
San Francisco, CA 94103

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/06/2023

By:

_Demetu Oh_

D. Oliver, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/06/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Deneta O-L_ Deputy<br>D. Oliver |
| PLAINTIFF:<br>M. G. | |
| DEFENDANT:<br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 10 | |
| **NOTICE OF COMPLEX DETERMINATION HEARING** | CASE NUMBER:<br>23CV037579 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all parties omitted from this notice or brought into the action after this notice was mailed.

Your Complex Determination Hearing has been scheduled on:

| | | | |
|---|---|---|---|
| Date: 08/08/2023 | Time: 3:30 PM | Dept.: 21 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | | |

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Determination Hearing.

The judge may place a tentative ruling in your case's on-line register of actions before the hearing. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative rulings at https://eportal.alameda.courts.ca.gov.

**NOTICE OF COMPLEX DETERMINATION HEARING**

## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**:  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

- o **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

- o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations.  Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

   a.  No party to the case has requested a complex civil litigation determination hearing;
   b.  All parties have been served and intend to submit to the jurisdiction of the court;
   c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e.  Case management statements are submitted with this stipulation;
   f.  All parties will attend ADR conferences; and,
   g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF)

Date:

_____                ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010]    **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**    Cal. Rules of Court, rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

1.   Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

m.   An award of pre- and post-judgment interest to the extent allowed by law; and

n.   Such other or and further relief as the Court may deem proper.

Respectfully submitted,

Dated:  July 6, 2023            **KELLER GROVER LLP**

By:_____

ERIC A. GROVER
*Attorneys for Plaintiff*


**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  July 6, 2023            **KELLER GROVER LLP**

By:_____

ERIC A. GROVER
*Attorneys for Plaintiff*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse, Department 21

### JUDICIAL OFFICER: HONORABLE EVELIO GRILLO

Courtroom Clerk: Nicole Hall                                    CSR: None

**23CV037579**                                            August 8, 2023
                                                            3:30 PM
**G.**
  **vs**
**THERAPYMATCH, INC. D/B/A HEADWAY; AND DOES 1**
**THROUGH 100, INCLUSIVE,**

### MINUTES

**APPEARANCES:**

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

By:    *Nicole Hall*
       N. Hall, Deputy Clerk
                   Minutes of: 08/08/2023
                   Entered on: 08/08/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| M. G. <br>               Plaintiff/Petitioner(s) <br>              vs. <br> THERAPYMATCH, INC. d/b/a <br> HEADWAY; and DOES 1 through <br> 100, inclusive, <br>             Defendant/Respondent(s) | No.      23CV037579 <br><br> Date:   08/08/2023 <br> Time:  3:30 PM <br> Dept:  21 <br> Judge: Evelio Grillo <br><br> ORDER re: Complex Determination <br> Hearing |

## COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

## COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

## PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

## SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated: 08/08/2023

Evelio Grillo / Judge

---

ORDER re: Complex Determination Hearing                                        Page 2 of 2

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/09/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>M. G. | |
| DEFENDANT/RESPONDENT:<br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive, | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV037579 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Eric Grover
Keller Grover LLP
1965 Market Street
San Francisco, CA 94103

Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/09/2023          By:

_Nicole Hall_

N. Hall, Deputy Clerk

**CERTIFICATE OF MAILING**

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
08/10/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ V. Hutton _____ Deputy

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   RACHAEL G. JUNG (SBN 239323)
    rjung@kellergrover.com
3   **KELLER GROVER LLP**
4   1965 Market Street
    San Francisco, California 94103
5   Telephone: (415) 543-1305
    Facsimile: (415) 543-7861
6

7   SCOT BERNSTEIN (SBN 94915)
    swampadero@sbernsteinlaw.com
8   **LAW OFFICES OF SCOT D. BERNSTEIN,**
    **A PROFESSIONAL CORPORATION**
9   101 Parkshore Drive, Suite 100
    Folsom, California 95630
10  Telephone: (916) 447-0100
    Facsimile: (916) 933-5533
11

12  *Attorneys for Plaintiff*
    M.G., an Individual
13

DON BIVENS (*pro hac vice forthcoming*)
don@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona 85254
Telephone: (602) 708-1450

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| M.G., individually and on behalf of a class of similarly situated individuals, | Case No:  23CV037579 |
| Plaintiff, | CLASS ACTION |
| v. | **NOTICE OF ENTRY OF ORDER RE: COMPLEX DETERMINATION HEARING** |
| THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive, | |
| Defendants. | |

NOTICE OF ENTRY OF ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE of the Court's August 8, 2023 Order Re: Complex Determination

Hearing, a copy of which is attached hereto as **Exhibit 1**.


Dated: August 10, 2023                          **KELLER GROVER LLP**


By: _____
　　　ERIC A. GROVER
　　　*Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

NOTICE OF ENTRY OF ORDER                          2                          CASE NO. 23CV037579

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

M. G.

Plaintiff/Petitioner(s)

vs.

THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive,

Defendant/Respondent(s)

No.      23CV037579

Date:    08/08/2023
Time:    3:30 PM
Dept:    21
Judge:   Evelio Grillo

ORDER re: Complex Determination Hearing

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated: 08/08/2023

Evelio Grillo / Judge

---

ORDER re: Complex Determination Hearing                                    Page 2 of 2

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/09/2023<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>M. G. | |
| DEFENDANT/RESPONDENT:<br>THERAPYMATCH, INC. d/b/a HEADWAY; and DOES 1 through 100, inclusive, | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV037579 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Eric Grover
Keller Grover LLP
1965 Market Street
San Francisco, CA 94103

Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/09/2023                    By:

_Nicole Hall_

N. Hall, Deputy Clerk

**CERTIFICATE OF MAILING**

## **PROOF OF SERVICE**

I, JOEY GONZALEZ, am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action.  My business address is 1965 Market Street, San Francisco, California 94103.  On **August 10, 2023**, in the case of *M.G. v. Therapymatch, Inc. d/b/a Headway, et al.,* Alameda Superior Court Case Number 23CV037579, I served the foregoing document(s):

**NOTICE OF ENTRY OF ORDER RE COMPLEX DETERMINATION HEARING**

on the interested party(ies) below, using the following means:

Corporation Service Company
Registered Agent for Service of Process
Therapymatch, Inc. d/b/a Headway
251 Little Falls Drive
Wilmington, DE 19808

Teresa C. Chow
BAKER & HOLLISTER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, California 90025
Telephone: (310) 820-8800
Facsimile:  (310) 820-8859

| ☒ | (BY UNITED STATES MAIL) I sealed the envelope(s), with postage thereon fully prepaid, and on the date below, following ordinary business practices, I placed it for collection and mailing in the United States Postal Service, in San Francisco, California. |
|---|---|
| ☒ | (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |



_____
JOEY GONZALEZ

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861